RECEIVED
IN ALEXANDRIA, LA.

MAY 1 9 2014

TONY R. MOORE, CLERK
BY
DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| NEWEDA MADISON, O/B/O Z.M., ET AL | : | DOCKET NO. 3:13-0833 |
| VS. | : | JUDGE TRIMBLE |
| MOREHOUSE PARISH SUPERINTENDENT OF SCHOOL, ET AL | : | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before the court is a "Motion for Summary Judgment" (R. # 14) filed by defendants, Morehouse Parish Superintendent of School, Dr. George Noflin, Jr., Tamika Farrell in her official capacity as the President of the Morehouse Parish School Board, Morehouse Parish School Board Members in their official capacity, Karen Diel, Louis Melton, Ronald Vollmar, Jeff Churchwell, Mike Stephens and Robert Fenceroy. Defendants maintain that plaintiff's claims (1) are time-barred by prescription, (2) should be dismissed because they failed to cooperate in discovery pursuant to Rule 37(b), (3) are inapplicable to the implementation of the 2010 Agreed Order, and/or (4) plaintiff's claims of disparate treatment and other wrongs are unreasonable, improbable, conclusory or are simply rank speculation.

## FACTUAL STATEMENT

Since November 4, 1969, the Morehouse Parish School District has operated under a

desegregation decree.[1][2] On April 12, 2010,[3] the United States Department of Justice and Morehouse Parish School District signed an Agreed Order which was subsequently modified on March 27, 2012.[4] In their complaint, plaintiffs assert "that the court should have concluded that the Morehouse Parish School District has not demonstrated its affirmative obligations and should not be held to have achieved unitary status with respect to discipline and other areas not addressed in this case."[5] The complaint does not expound any further as to what court is being referred to and/or the title of the alleged case. The complaint also alleges that the Morehouse Parish School District had been found to be in non- compliance of the "Agreed Order."[6] The complaint does not inform the court as to any particulars such as by whom, when, where, or what court or authoritative body it is referring to. The complaint asserts that the Department of Justice reported that the "School District should remain under the obligation to take all steps practical to eliminate the vestiges racial demographic while the racial demographic shifts do not relieve the school board of its duty."[7] The complaint further asserts "that the court (the complaint does not inform us as to what court plaintiffs are referring to) should have concluded that the Morehouse Parish School District has not

---

[1] Complaint, ¶ 9. R. #1.

[2]  In their answer, defendants state that the matter was styled United States of America v. Morehouse Parish School Board, Civ. Action no. 69-14429 filed in the Western District of Louisiana.

[3] Civ. Action 69-14429, R. #59.

[4]  Id., R. #79.

[5]  R. #1, ¶ 12.

[6]  Complaint, ¶ 13.

[7] Id. ¶ 11.

demonstrated its affirmative obligations and should not be held to have achieved unitary status with respect to discipline and other areas not addressed in this case."[8]

The complaint then asserts that the "School District has been previously found to be in non-compliance of the Agreed Order. "[9] Again, the complaint does not assert what authoritative body "found" the School District to be in non-compliance, nor when such conclusion was made.

On April 24, 2013, plaintiffs, African-American students who attended school in the Morehouse Parish School District during the 2011-2012 school year, filed the instant lawsuit against the School Board, its Superintendent and School Board members, alleging that defendants are responsible for the actions of the Child Welfare & Attendance Supervisor of the Morehouse Parish School Board, Ralph Davenport. Davenport, an African-American, was designated by the Superintendent to hold administrative hearings regarding expulsions of students. While the Civil Cover Sheet lists the following plaintiffs: Neweda Madison o/b/o Z.M., Pearce Frazier and Terry Smith o/b/o P.F., Jr., LaJoyce Tennant o/b/o W.T., and Ronald Wilhite o/b/o R.W., Jr., the complaint asserts no facts as to minors P.F., Jr.[10] and W.T. [11] Due to summary judgment evidence submitted by defendants, the court was able to ascertain that the "Beekman Elementary" 1st grade student is

___

[8]  Id., ¶ 12.

[9]  Id., ¶ 13.

[10]  Defendant's summary judgment evidence and answer provide that P.F. Jr. was expelled on February 1, 2013 after a hearing for possessing a .45 automatic weapon tucked in his pants together with a clip of ammunition in his apparel at Bastrop High School. He was immediately readmitted to the expulsion school.

[11]  Defendants submit summary judgment evidence that W.T.  was suspended on May 12, 2012 for possession of a gun inside Delta Junior High School. After a hearing, he was expelled but immediately readmitted on a probationary basis and assigned to expulsion school.

3

R.W.

Plaintiffs generally allege that "defendants" actions have deprived black children in Morehouse Parish School District of due process and equal protection of the laws in violation of the Fourteenth Amendment to the Constitution of the United States."[12] The complaint alleges that Davenport "continuously and consistently conducted hearings that clearly offends (sic) the students (sic) due process and equal protection rights under the Fourteenth Amendment."[13] Plaintiffs maintain that African-American students are treated differently than white students when applying School Board policies especially when it relates to expulsions and suspensions of students.

Plaintiffs complain of the following incidents which they maintain violate the directives of the Agreed Order of the Department of Justice and the Morehouse Parish School District:

(1) R. W., a first grader,  was suspended from January 10, 2012 through January 12, 2012 for arson.[14] The complaint alleges that the "expulsion" was without evidence, a hearing, or witnesses in violation of R.W.'s due process rights.[15]

(2) Z. M., a Delta Jr. High School student, was expelled on September 13, 2011 for having in his possession a pistol in the locker room and elsewhere at the Delta Junior High School campus. The complaint alleges that the expulsion was without evidence, witnesses, or a hearing, in violation of the requirements of due process under the Fourteenth Amendment.[16]   The complaint further

---

[12] Id., ¶ 6. R. #1.

[13] Id., ¶ 8.

[14] The complaint alleges that R.W. was expelled; in actuality, he was only suspended.

[15] Complaint, ¶ 14(2).

[16] Id. ¶ 14(1).

asserts that the former superintendent expelled Z.M. twice for the same offenses.[17]

(3) White students at Bastrop High School were found to be in possession of firearms, but not subjected to federal law or Morehouse Parish School Board policies, and not subject to mandatory arrest and expulsion as other African-American students were.[18]

The complaint requests that the court (1) review all rulings of Mr. Davenport within the last 12 months, (2) appoint a three member committee consisting of parents which reflect the racial makeup of the school's population and one District Representative to review these findings, (3) find that defendants violated the Jointly Agreed Standing Orders, (4) supervise the School District, (5) impose injunctions upon the Morehouse Parish School Board in relation to quality of education, discipline, and due process rights of African-American students in the Morehouse School District, (6) act immediately to protect the rights of children in the Morehouse Parish School District, and (7) and for attorneys fees and the cost of these proceedings.[19]  The complaint also requests (not in the prayer) that this court "preserve, maintain or and (sic) reinstate Jurisdiction until it is clear that the stated imposed disparities have been completely removed."[20]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the

---

[17] Id.,¶ 20.

[18] Id., ¶ 14(3).

[19] Id., pp. 10-11.

[20] Complaint, ¶ 10, R. # 1.

moving party is entitled to judgment as a matter of law."[21] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[22]   A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[23] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[24]  Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[25]  The burden requires more than mere allegations or denials of the adverse party's pleadings.  The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[26]  There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[27]  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[28]

---

[21]  Fed. R.Civ. P. 56(c).

[22]  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[23]  Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[24]  Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

[25]  Anderson, 477 U.S.  at 249.

[26]  Celotex Corp. v.  Catrett, 477 U.S. 317, 324 (1986).

[27]  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[28]  Anderson, 477 U.S. at 249-50.

## LAW AND ANALYSIS

In the instant action, plaintiffs seek injunctive relief, attorneys fees and costs of court. Plaintiffs allege that black students are discriminated against with respect to disciplinary measures taken by the School District. Defendants maintain that plaintiffs' claims must be dismissed because they failed to cooperate in discovery (Federal Rule of Civil Procedure 37(b)), they are prescribed, and/or there is no genuine issue of material fact that the students were not discriminated against.

*Rule 37(b) and failure to cooperate*

Defendants rely on Federal Rule of Civil Procedure 37(b) to impose sanctions for failure to obey discovery.  On August 14, 2013, both Pearce Frazier, Sr. and Terry Smith, the parents of P. F. Jr. were served through their legal counsel with proper and timely Notice of Taking Depositions Upon Oral Examination.[29] Neither party appeared for their respective deposition despite their receipt of timely notice through their counsel of record.

Federal Rule of Civil Procedure 37(b)(2) authorizes a court to impose sanctions including a concurrent sanction of reasonable expenses and attorney's fees caused by the failure to obey a discovery order. Dismissal may be ordered when: (1) the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct; (2) the violation of the discovery order is attributable to the client as opposed to counsel; (3) the non-compliant party's conduct substantially prejudices the opposing party; and (4) a less drastic sanction would not substantially achieve the desired deterrent effect.[30]

In the instant case, plaintiffs' counsel has presented no justification for the Frazier/Smith's

---

[29] Defendants' exhibit 8.

[30] F.D.I.C. v. Conner, 20 F.3d 1376 (C.A. 5 Tex. 1994).

7

failure to appear at the deposition. Therefore, the court must assume that their absence was in bad faith and willful.  Obviously, the violation is attributable to Frazier/Smith and not to plaintiffs' counsel.  Without the opportunity to depose the Frazier/Smith, such conduct clearly prejudices defendants.  And finally, a less drastic sanction would not achieve the court's desired deterrent effect.  Accordingly, the court finds that any claims asserted by plaintiffs, Frazier/Smith, on behalf of their minor child, P.F. Jr., shall be dismissed with prejudice at their own costs.[31]  The court further awards defendants the expenses and attorney fees associated with the preparation of the *proces verbal* for both Frazier and Smith.

*Prescription*

Defendants maintain that the applicable statutory period for personal injuries is one year pursuant to Louisiana Civil Code article.  Plaintiffs maintain that they are not seeking damages for personal injuries, but seek to enjoin actions that violate the Constitution.  Thus, plaintiffs argue that because they are seeking injunctive relief to bar future actions, there are no prescriptive issues.

The court concludes that if the claims sought damages for personal injury, the claims would be prescribed. However, because plaintiffs are only seeking injunctive relief, plaintiffs' claims as to injunctive relief are not prescribed.

*Due process claims*

Plaintiffs complain that the Supervisor of Child Welfare and Attendance, Ralph Davenport, violates due process when he conducts hearings of black students; Mr. Davenport is African-

---

[31]  The court is aware that plaintiffs' suit does not seek damages for personal injuries, therefore, there is no claim to be dismissed.  But, because defendants raised the issue, we felt inclined to address it.

American.[32] Defendants maintain that plaintiffs have made no showing that any student was denied the right to bring a necessary witness before the hearing tribunal, or that a student's rights in a disciplinary hearing were determined upon hearsay evidence. Even though plaintiffs make these allegations in their complaint, they have failed to submit summary judgment evidence to create a genuine issue of material fact for trial. Thus, plaintiffs have failed to demonstrate that their due process rights were violated.

*Discrimination claims*

In order to establish a case for discrimination, plaintiffs must prove that black students receive more severe punishment than white students for the same disciplinary offenses when all other factors were virtually equal.  "Official conduct is not unconstitutional merely because it produces a disproportionate adverse effect upon a racial minority"[33] Furthermore, "uneven consequences of governmental action claimed to be racially discriminatory must ultimately be traced to a racially discriminatory purpose.."[34] Thus, plaintiffs must prove that the administration of student discipline in the Morehouse Parish School District is motivated by a discriminatory purpose.

Defendants argue that plaintiffs have not set forth any factual basis or any conclusion that there was undeserved or unreasonable punishment  of black students, or a failure to discipline white

---

[32]  In his opposition, plaintiffs' counsel complains that Mr. Davenport (1) disregards parties' request for a district employee to be present, (2) refuses to make witnesses available, (3) interrupts witnesses' testimony and terminates hearings without any reason, (4) sits in the position in the room that would equate to a position of authority, (5) sits next to the school board legal counsel giving an impression of acting in concert with the hearing officer, and (6) speaks to the school board legal counsel before making a decision or before speaking.  Plaintiffs have submitted no summary judgment evidence to corroborate and/or support these allegations.

[33]  Tasby v. Estes, 643 F.2d 1103 (C.A. Tex. 1981).

[34]  Id.

9

students for similar misconduct, or that discipline was administered inequitably or not in accordance with the "clear and simply-stated policy for student discipline" of the School Board.

Plaintiffs contend that the School District's administration of student discipline unconstitutionally discriminates against black students. Plaintiffs complain that defendants have not provided a legitimate, non discriminatory reason for such treatment. Plaintiffs have asserted claims pursuant to 42 U.S.C. 2000c-6 and 42 U.S.C. 2000d which provides that:

> [n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

Specifically, plaintiffs maintain that two white students did not receive the same discipline that black students received. The disciplinary measures against black students are as follows:

(1) R.W. Jr. was suspended for three days for igniting a roll of toilet paper in the bathroom.
(2) W.T. was expelled and admitted to expulsion school for possessing a weapon (a BB gun) in his backpack at school; W.T.'s mother agreed to the expulsion. No appeal was filed.
(3) P.F. Jr. was expelled for having in his possession and on his person, a .45 caliber automatic pistol and a loaded clip in the classroom at Bastrop High School. P.F. Jr. was expelled and readmitted to the expulsion school operated by the Morehouse Parish School Board. No appeal was filed.
(4) Z.M. had possession of a pistol on the campus of Delta Junior High School; he was initially expelled but the School Board rescinded the expulsion.

Defendants rely on <u>Tasby v. Estes,</u>[35] wherein the court states as follows:

> [n]o inference of discriminatory intent is warranted from the facts presented by the plaintiffs, for their statistical evidence fails to account for the many variables at work in the process of disciplining school children. Too many legitimate, non-racial factors are involved to permit an inference of discriminatory purpose from a showing of disproportionate impact, even when it occurs in the context of on-going desegregation efforts. Black and white students . . . may not commit disciplinary infractions at the same rate or of the same seriousness, and this differential may be accounted for in non-racial terms. In addition, school administrators and teachers are properly concerned with balancing numerous competing considerations when

---

[35] 643 F.2d 1103 (5th Cir. 1981).

deciding how properly to discipline a student, including the personal history and individual needs of a student, the flagrancy of his offense, and the effect that the misconduct may have on other students. Thus, the aggregate effect of individual disciplinary decisions independently made is not as convincing as the disparate racial impact that results from decisions rendered by a single governing body. . . . [a]bsent a showing of arbitrary disciplinary practices, undeserved or unreasonable punishment of black students, or failure to discipline white students for similar misconduct, the plaintiffs have not satisfied their burden of proving that the disproportionate punishment of black students in the [school district] is the product of a racially discriminatory purpose.[36]

Defendants maintain that plaintiffs have failed to set forth a factual basis that the punishment of black students was unreasonable or that the discipline of white students for similar misconduct was administered inequitably or not in accordance with the School Board's policies for student discipline.

*Z.M.*

Z. M. was expelled for possession of a weapon. Defendants submit the deposition of Z.M.'s mother, Neweda Madison, wherein Ms. Madison testified that she had never been prohibited from introducing any witnesses or evidence in defense of her son at any expulsion hearing and that she had a representative at the expulsion hearings.[37] Ms. Madison further testified that she was not aware of any School Board policy that was applied differently for black students than white students.[38]Ms. Madison also testified that Z.M. was granted multiple hearings, with representation and with no restrictions on the introduction of witnesses and exhibits.

---

[36] Citing Sweet v. Childs, 507 F.2d 675, 680-81 (5th Cir. 1975).

[37] Supplemental exhibits, R. #25-1, pp. 21-22.

[38] Id. p. 30.

*R.W. Jr.*

Plaintiffs claim that R.W. Jr. was unfairly expelled for arson without evidence or witnesses. Defendants submit summary judgment evidence to show that R.W. Jr. was not expelled, but instead was suspended for three (3) days.[39]  Defendants submit the affidavit of Ralph Davenport which declares that all appropriate procedures were followed.[40]  R.W. Jr. has failed to submit summary judgment evidence of any inappropriate procedures taken with regard to the hearing(s) that resulted in R.W. Jr.'s suspension.

*W.T.*

W.T. was expelled for being in possession of a BB gun at Delta Junior High School.[41] Defendants submit the deposition testimony of W.T.'s mother, LaJoyce Tennant, wherein she testified that at the expulsion hearing, she agreed for W.T. to receive expulsion and be assigned to the expulsion school for having the BB gun at school.[42]  Ms. Tennant was also given the opportunity to present witnesses and evidence at the appeal hearing.[43]  Furthermore, Ms. Tennant did not appeal the School Board's suspension.[44]  Plaintiffs have presented no summary judgment evidence to dispute this.

---

[39] Defendants' exhibit 22.

[40] Defendants' exhibit 24.

[41] Defendants' exhibit 24, ¶ 13.

[42] Defendants' exhibit 28, pp. 20-21.

[43] Id. pp. 31-36.

[44] Id.

*P.F. Jr.*

The complaint does not allege any specific facts as to P.F. Jr.  P.F. Jr.'s parents were noticed to take depositions, but failed to appear. Defendants submit the affidavit of Mr. Davenport who attests that P.F. Jr. was recommended for expulsion for having a .45 caliber automatic pistol in a classroom.[45] He also had a loaded clip in his clothing.[46] P.F. Jr. was expelled through the 2014-2015 school year and immediately readmitted to the expulsion school.  Plaintiffs have submitted no summary judgment evidence to dispute this.

Plaintiffs complain that black students receive harsher punishment than white students. Plaintiffs refer the court to an incident where two white males who attended Bastrop High School possessed weapons on campus but were not "subjected to the rigors of La.R.S. 17:416 as the Plaintiffs were in this case." Plaintiffs complain that after the white males appealed their expulsion through La.R.S. 17:416F, they were allowed to return to school after a few days.

Defendants inform the court that after a random drug search of vehicles in the parking lot at the Bastrop High School by the Morehouse Parish Sheriff's Department, firearms were discovered in two white students' pickup trucks.  One student had a hunting shotgun in the backseat of his truck and the other student had a pellet gun and a .22 cal. rifle inside a case in the backseat of his truck.

Mr. Davenport recommended expulsion.  Both students were expelled and immediately were reinstated at the expulsion school.  Both students, through their parents appealed the expulsion.  The parents argued to the School Board for the application of Louisiana Revised Statute 17:416F which is as follows:

---

[45]  Defendants' exhibit 8.

[46]  Defendants' exhibit 10.

F.      Notwithstanding any provision of this Section to the contrary, school officials shall have total discretion and shall exercise such discretion in imposing on a pupil any disciplinary actions authorized by this Section for possession by a pupil of a firearm or knife on school property when such firearm or knife is stored in a motor vehicle and there is no evidence of the pupil's intent to use the firearm or knife in a criminal manner.

The School Board voted to rescind the expulsion of both students after Sheriff Deputy Trotted stated at the appeal hearing that the firearms were stored in the students' vehicles on the school parking lot, and there was no evidence that either student intended to use them in a criminal matter.

Plaintiffs have failed to submit summary judgment evidence to dispute the facts submitted by defendants.  Furthermore, and more significantly, plaintiffs have presented no statistical evidence that black students were disciplined more frequently and/or more severely than white students for the same or similar misconduct. Based on the summary judgment evidence presented, the court finds that plaintiffs have failed to prove that the black students were discriminated against, and they have further failed to establish that the students' due process rights were violated.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be granted dismissing with prejudice plaintiffs' complaint at plaintiffs' cost.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 19th day of May, 2014.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

14